IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Robert Peoples, | ) |
| | ) Civil Action No. 8:07-2897-CMC-BHH |
| Plaintiff, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| | ) **OF MAGISTRATE JUDGE** |
| v. | ) |
| | ) |
| SCDC, et.al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

The plaintiff, a prisoner proceeding pro se, brought this action alleging constitutional violations pursuant to 42 U.S.C. § 1983. The matter is before the Court on the plaintiff's motions for a preliminary injunction or a temporary restraining order ("TRO") and for an order to show cause. (Docket Entries #18 and 30.)

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of both Preliminary Injunctions and TROs. Pursuant to Rule 65, "a temporary restraining order may be granted . . . only if it clearly appears from specific facts shown . . . that immediate and irreparable injury, loss, or damage will result to the applicant." Further, in considering whether to issue an injunction under Rule 65(b), the Court must consider four factors: (1) the likelihood of irreparable harm to the plaintiff if the Court denies the preliminary injunction; (2) the likelihood of harm to the defendants if the injunction is granted; (3) the likelihood that the plaintiff will succeed on the merits of this underlying

claim; and (4) the public interest. *Smith v. Ozmint*, 444 F. Supp.2d 502, 504 (D.S.C. 2006). A plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly. The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir.1980).

Additionally, functions of prison management must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. *Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991). Courts should grant preliminary injunctive relief involving the management of prisons only under exceptional and compelling circumstances. *Taylor v. Freeman,* 34 F.3d 266, 269 (4th Cir. 1994). Without a showing that plaintiff will suffer imminent, irreparable harm, the court cannot grant interlocutory injunctive relief. *Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353, 360 (4th Cir. 1991). The plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Medical Group*, 952 F.2d 802, 812 (4th Cir.1991) (citation omitted).

The plaintiff is seeking an order requiring access to legal books and supplies, an additional official at the library, and a felt tip pen (Mot. for Inj. Relief at 1) for all inmates at Lieber Correctional Institution. (Mot. to Show Cause at 4.) The plaintiff alleges he cannot order legal supplies without showing that he has a court order or a court deadline. (Mot. to Show Cause at 2.) He contends that he should be able to order

supplies without proof of legal deadline or court order, so that he can file motions in his pending cases, such as motions to appoint counsel, to amend a complaint, for injunctive relief, and to compel discovery. (*Id.*) He further states without legal supplies, he cannot file these motions or proceed in litigating his case. (*Id.*)

The plaintiff has not shown that irreparable harm is likely if his motion is denied. Even assuming that the defendant is failing to properly give the plaintiff legal supplies, which there is no evidence in the record that this is the case, the plaintiff will not suffer irreparable harm. The plaintiff has had no difficulty filing motions or responding to in this action or the five other actions he has currently pending in this court. *Peoples v. SCDC*, C/A No. 07-1203 (filed May 3, 2007); *Peoples v. SCDC,* C/A No. 07-2702 (filed Aug. 6, 2007); *Peoples v. SCDC*, C/A No. 07-3475 (filed Oct. 22, 2007); *Peoples v. Davis*, C/A No. 08-251 (filed Jan. 29, 2008); *Peoples v. Davis*, C/A No. 08-252 (filed Jan. 29, 2008).

Nor has plaintiff established a likelihood that he will eventually succeed on the merits or that the public interest lies with granting the relief. The defendants have filed a motion to dismiss based upon the plaintiff's failure to exhaust his administrative remedies. Accordingly, the plaintiff's motions should be denied. Further, a TRO order is issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond. *See* Rule 65(b), Fed.R.Civ. P.[1] Such an order would last only until such time as a

---

[1] In general, the purpose of a temporary restraining order is to preserve the status quo for a brief period until a hearing can be held on a request for a preliminary injunction. *See* Moore's Federal Practice and Procedure ¶ 65.05 (1989).

hearing on a preliminary injunction could be arranged. As the plaintiff is not entitled to a preliminary injunction, the court finds no basis upon which to grant him a TRO or any injunctive relief.

## CONCLUSION

Wherefore, it is RECOMMENDED that the Plaintiff's Motions for Injunctive Relief (Docket Entry #18) and for an Order to Show Cause (Docket Entry #30) be DENIED.

**IT IS SO RECOMMENDED.**

s/Bruce Howe Hendricks
United States Magistrate Judge

January 30, 2008
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).