IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Robert Peoples, ) | |
| ) | Civil Action No. 8:07-2897-CMC-BHH |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| v. ) | **OF MAGISTRATE JUDGE** |
| ) | |
| SCDC, et.al., ) | |
| Defendants. ) | |
| ) | |

The plaintiff, a prisoner proceeding pro se, brought this action alleging constitutional violations pursuant to 42 U.S.C. § 1983. The matter is before the Court on the defendants' motions to dismiss (Dkt. # 19) and for a protective order pending the resolution of the motion to dismiss (Dkt. # 21).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on August 20, 2007, seeking damages for alleged civil rights violations.[1] On October 19, 2007, the defendants filed a motion to dismiss. (Dkt. # 19.) On October 22, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th

---

[1] This date reflects that the petition was stamped as received on August 20, 2007, at the Lieber Correction Institution mailroom. (Pet. Ex. 2.) Houston v. Lack, 487 U.S. 266 (1988)(holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court).

Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On November 1, 2007, the plaintiff filed a response opposing the defendants' to dismiss.

## FACTS

At the time that the incidents alleged in the complaint occurred, the plaintiff was an inmate at the Lee Correctional Institution ("LCI"). In his complaint, the plaintiff alleges that on July 25, 2005, the defendants continued to served him alternative meals for an extra day and denied him medical treatment resulting in pain and excessive weight loss. He further alleges that he filed a grievance regarding the incident which was returned unprocessed in violation of the Fourteenth Amendment.

The plaintiff filed a complaint in South Carolina Circuit Court on September 30, 2005, alleging he was denied non-alternative meals and medical treatment on July 26, 2005. The South Carolina Circuit Court granted the defendants' motion to dismiss, finding that because the plaintiff had not filed an appeal in the South Carolina Administrative Law Court, he had failed to completely exhaust his available administrative remedies. The plaintiff appealed the dismissal to the South Carolina Court of Appeals. The South Carolina Court of Appeals dismissed the appeal.

## DISCUSSION

The defendants contend that this action must be dismissed because the plaintiff has failed to exhaust his administrative remedies prior to coming to court. The undersigned disagrees.

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust administrative remedies before filing a §1983 action concerning his confinement. Specifically, 42 U.S.C.A. §1997(e) states:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In *Porter v. Nussle*, 534 U.S. 516 (2002), the United States Supreme Court held that the exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes. Recently in *Woodford v. Ngo*, ___ U.S.___, 126 S. Ct. 2378, 2386, 165 L.Ed.2d 268 (2006), the United States Supreme Court held that the PLRA exhaustion requirement requires proper exhaustion. The Court stated that "[a]dministrative law requires proper exhaustion of administrative remedies which means using all steps that the agency holds out, and doing so properly." *Id*. (Internal quotations and citations omitted). Failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including §1983. *Id*.

The purpose of the exhaustion requirement is twofold. First, it gives an administrative agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is hauled into federal court." *Woodford*, 126 S.Ct. at 2385 (*quoting McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). Second, "[c]laims generally can be resolved much more quickly and economically in proceedings before an

3

agency than in litigation in federal court." *Id*. Any consideration of administrative remedies pursued after the commencement of the litigation would only serve to frustrate both purposes of the PLRA's exhaustion requirement.

In order to exhaust the SCDC administrative remedies, an inmate must fill out a Form 10-5 or Step 1 grievance about the matters raised in his complaint and give the form to the Institutional Inmate Grievance Coordinator within fifteen (15) days of the alleged incident of which the inmate complains. The Warden must respond to the Step 1 grievance in writing no later than forty (40) days from the filing of the initial grievance. If the inmate is not satisfied with the Warden's response, he must file an appeal of the Step 1 grievance response by filing a Form 10-5a or Step 2 Request for Responsible Official Review with the Inmate Grievance Coordinator within five (5) days of the receipt of the response from the Warden. A responsible official has sixty (60) days to respond to the Step 2 grievance. The decision of the official who answers Step 2 is considered the SCDC's final response in the matter. Only after completing both Steps 1 and 2 in the SCDC grievance process has an inmate properly exhausted a claim under §1983. 42 U.S.C. § 1997e.

First, the court notes that the PLRA requires the exhaustion of remedies within the agency only and does not require resort to the appellate state courts. *Woodford*, 126 S.Ct. at 2386. To exhaust their administrative remedies, inmates are not required to go beyond Step 2. *See Brown v. Evans Correctional Institution Medical Staff*, 2007 WL 1290359, at*4 (D.S.C. April 30, 2007) ("In sum, the fact that the South Carolina

4

legislature made a court available to prisoners who wanted to appeal a final decision by the SCDC denying a SCDC grievance does not alter the federal PLRA by extending its administrative exhaustion requirement to include exhaustion in all state judicial forums."); *Charles v. Ozmint*, 2006 WL 1341267 (D.S.C. May 15, 2006) (recognizing that completion of Step 2 grievance exhausts administrative remedies and § 1997(a) does not require inmates to further appeal to Administrative Law Court).

Further, although "there is no futility exception to the PLRA's exhaustion requirement," *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir.1999), the plain language of the statute requires that only "available" administrative remedies need be exhausted. A grievance procedure is not "available" if prison officials prevent an inmate from using it. *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir.2004); *Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003)(holding that inmate lacked available administrative remedy for exhaustion purposes where inmate was unable to file a grievance because prison officials refused to provide him with the necessary grievance forms); *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir.2001)(allegations that prison officials failed to respond to his written requests for grievance forms were sufficient to raise an inference that inmate had exhausted his available administrative remedies); *Arnold v. Goetz*, 245 F.Supp.2d 527, 538-39 (S.D.N.Y. 2003) (finding a prisoner who was told that an inmate grievance process existed, but who was frustrated by officials in his attempts to learn how to use it, did not have recourse to an "available" administrative remedy).

The plaintiff must exhaust only those administrative remedies that are available to him. The plaintiff filed a Step 1 grievance which was returned to him stating that the "[g]rievance will not be processed. Inmate is on grievance limitation and has exceeded the number of grievances he is allowed per month." (Pet. Ex. 1.) Clearly, the plaintiff's attempt to file a grievance on the claims he raises in this action was frustrated when his Step 1 grievance was returned unprocessed. Further, the plaintiff did not have recourse to any other available administrative remedy. Thus, he exhausted his available administrative remedies on these claims and the defendants' motion to dismiss should be denied.

## CONCLUSION

Wherefore, it is RECOMMENDED that the Defendant's Motion to Dismiss (Dkt. # 19) be DENIED. FURTHER, it is RECOMMENDED that the Defendants' Motion for a Protective Order (Dkt. # 21) be DENIED as moot.

**IT IS SO RECOMMENDED.**

Bruce Howe Hendricks
United States Magistrate Judge

April 1, 2008
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).