IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Robert Peoples, #270600 ) | |
| ) | Civil Action No. 8:07-2897-CMC-BHH |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| v. ) | |
| ) | |
| SCDC, et.al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

      The plaintiff, a prisoner proceeding pro se, brought this action alleging constitutional violations, including cruel and unusual punishment, deliberate indifference to medical needs, and due process and equal protection violations, pursuant to 42 U.S.C. § 1983. The matter is before the Court on the defendants' motions for summary judgment. [Doc. 57.] The plaintiff filed a response on August 21, 2008. [Doc. 75.] That response also incorporates the content and exhibits of the plaintiff's previously filed motion for summary judgment, by specific reference. [Doc. 29.] The Court has considered all of the plaintiff's submissions to the Court, including Docket Entries 75 and 29, in resolving this present motion.

      Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

**APPLICABLE LAW**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must

demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

**I.     Eighth Amendment Claims: Nutri-Loaf and Deliberate Indifference**

The plaintiff advances two violations of his Eighth Amendment right to be free from cruel and unusual punishment. First, he contends that he was required to eat nutri-loaf, which gave him indigestion and made his insides burn. Second, he contends that the defendants were indifferent to these injuries allegedly suffered from eating the same. The relevant facts are as follows.

It is undisputed that, on July 22, 2005, when an officer of the SCDC attempted to retrieve a food tray from the plaintiff, the plaintiff refused to cooperate and then threw a white liquid substance on her. (Outlaw Aff., 7/22/05 Incident Report.) It is further undisputed that as a result, the plaintiff was placed on an alternative meal plan consisting of nutri-loaf, for 72 hours.[1] *Id*. The defendants have submitted evidence that the decision to place the plaintiff on the alternative meal plan was in accord with SCDC

---

[1] Nutri-loaf (or "Nutraloaf") is prepared by blending a variety of foods from normal prison meals, according to nutritionally balanced recipes, freezing the resulting substance, and then baking it into a solid loaf. *LeMaire v. Maass*, 12 F.3d 1444, 1455 (9th Cir. 1993).

3

policy and that inmates can be placed on such a plan for as long as 7 days. (Outlaw Aff., SCDC Policies and Procedures.) The plaintiff does not claim any constitutional violations related to having been placed on the alternative meal plan in the first instance. In other words, he does not dispute the meal tray incident or that such misconduct justified placement on the meal plan, generally.

Rather, the plaintiff contends that the defendants did not terminate the meal plan on the required day and, therefore, that he "was denied a regular meal on 7-26-05 and force [sic] to eat another alternative meal for additional 24 hours more than [he] was suppose [sic] to eat it." (Pl. Opp. Mot. Summ. J. at 4, 6; see also Compl. at 3.) More specifically, the plaintiff contends that the forms related to his alternative meal plan were not properly completed such that the defendants would have been on notice to timely terminate the plan. [Doc. 75, Pl. Aff. ¶ 2.]

The plaintiff alleges that while on the plan, he "complained to several SMU officials about having stomach pain and that [he] was unable to digest the alternative meal." [Doc. 29, Pl. Aff. ¶ 4.] He also contends that the alternative meal of nutri-loaf resulted in a "burning feeling in [his] insides. *Id*. ¶ 6. Finally, he complains that he was not provided medical treatment for these alleged injuries.

To establish an Eighth Amendment claim for cruel and unusual punishment, the plaintiff must prove: (1) objectively, the deprivation of a basic human need was sufficiently serious, and (2) subjectively, the prison officials acted with a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The subjective

4

component requires the inmate to show that the officers applied force not "in a good faith effort to maintain or restore discipline," but rather applied force "maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). The objective component requires the inmate to prove that the use of force was more than *de minimis* or, in the alternative, that it was repugnant to the conscience of mankind. *Id*. at 9-10. *De minimis* injury can be conclusive evidence that the force used was also *de minimis* and, therefore, not violative of constitutional protections. *See Norman v. Taylor*, 25 F.3d 1259, 1264 (4th Cir.1994).

The plaintiff's claims must fail. First, the nutri-loaf itself poses no constitutional issues, as a nutritional matter or as a disciplinary one. *See Thomas v. Warner*, 237 Fed. Appx. 435, 438 (11th Cir. 2007) (finding that the plaintiff did not state an Eighth Amendment claim based on his dietary restrictions for high blood pressure and being fed "nutraloaf" for 20 days during isolation.); *Gates v. Huibregtse*, 69 Fed. Appx. 326, 327 (7th Cir. 2003) (finding that inmate's claim, that placement on a nutriloaf diet for misconduct is cruel and unusual punishment, frivolous and that while food served in prison must be nutritious, it does not have to be delicious or appetizing); *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. l993) (finding that inmates complaint regarding the use of nutri-loaf does not rise to the threshold level of a constitutional deprivation).

Second, the plaintiff has alleged no specific injury from the one additional day of nutri-loaf and, therefore, cannot satisfy the objective element of his claim. In fact, the plaintiff has represented that he refused to eat the nutri-loaf on July 26. (See Compl. at

5

3-4.) Accordingly, he cannot prove that he suffered more than a *de minimis* injury, as required. See *Hudson*, 503 U.S. at 9-10. While the plaintiff summarily contends that on July 26 he was in "poor condition" [Doc. 29, Pl. Aff. ¶ 8] and "dysfunctional" (Compl. at 3) because his body had not been digesting the nutri-loaf, the Court disagrees that any of these allegations rise to constitutionally actionable injury.

First, those symptoms, to the extent they are true, had nothing to do with being served nutri-loaf on July 26 – because he did not eat it. It was his choice to decline the meal. Other courts have concluded that even limited hunger and digestive problems are not sufficient to state an Eighth Amendment violation, so long as the defendant is not deliberately indifferent to medical needs that arise, if any. See *Rayes v. Eggars*, 1994 WL 517250, at * (8th Cir. September 23, 1994) (finding no violation where inmate did not eat the nutriloaf, became weak and informed the medical staff that he did not feel well as a result of not eating for three days but defendants were not deliberately indifferent to inmate's serious needs).

In this circuit, the Western District of Virginia has agreed, in regards to nutri-loaf meals, that "complaints that [an inmate] experienced uncomfortable digestive problems and that he was hungry are insufficient to state a claim under the Eighth Amendment." *Henderson v. Commonwealth*, 2008 WL 204480, at *4 (W.D. Va. January 23, 2008) (citing "serious or significant physical or mental injury" standard in *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir.1993)). Accordingly, even to the extent he is attempting to boot-strap the injuries allegedly suffered, over the entire 3-4 day period of time he was

on nutri-loaf, to the events of July 26, specifically, he still has failed to plead any actionable harm. As stated, he has complained only of stomach pain, a "burning inside," and other symptoms of indigestion. [Doc. 29, Pl. Aff. ¶ 4, 6.] These are the same generalized injuries rejected as insufficient in cases like *Henderson* and Rayes. *Id*. Other courts have required significantly more serious injuries to satisfy the objective element of an Eighth Amendment claim concerning nutri-loaf or other types of meals. *Cf. Gates*, 69 Fed. Appx. at 327 (suggesting that **vomitting blood** after repeated regurgitation might state a claim); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir.2001) (suggesting that prisoner who **lost forty-five pounds** on nutri-loaf diet might have had Eighth Amendment claim); *Reed v. McBride*, 178 F.3d 849, 853-54 (7th Cir.1999) (depriving inmate of food may, depending on amount and duration of deprivation, be objectively serious).

The plaintiff does not contest the nutritional value of the nutri-loaf. He does not allege substantial weight loss or bloody vomiting or other excruciating incidents of having eaten the nutri-loaf. He does not allege any permanent injury or harm of any kind.

Moreover, the plaintiff has expressly and repeatedly admitted that not only was he seen for his alleged injuries but that he was given medicine for them. (Compl. at 4, 5.) "I was only seen once on 7-25-05 when I pass out on the floor and Nurse Owens came to the unit and gave me some medicine for the burning feeling inside my body." *Id*. at 4. The plaintiff reconfirmed this fact in his own affidavit. [Doc. 29, Pl. Aff. ¶ 6.] Moreover, there is no debate that the plaintiff was returned to his normal meal plan the following

day, July 27, 2005 and no other complaints of injury were ever made.  Accordingly, no reasonable jury could find that the defendants were deliberately indifferent to a substantial risk of serious harm to the plaintiff in violation of the Eighth Amendment. See *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).  He has alleged no serious injuries and has demonstrated no subjective indifference.

His nutri-loaf and deliberate indifference claims cannot survive summary judgment.  He has not shown issues of fact as to the objective component and the only evidence of record demonstrates that the defendants were attentive to his medical needs.

## II.    Due Process and Equal Protection

Moreover, to the extent the plaintiff attempts to frame his nutri-loaf claim as a violation of the due process or equal protection clauses of the Fourteenth Amendment, the claim still cannot survive summary judgment.  The Sixth Circuit Court of Appeals has expressly ruled that "being fed a food loaf does not implicate a due process liberty interest."  *Griffis v. Gundy*, 47 Fed. Appx. 327, 328 (6th Cir. 2002) (citing *Sandin v. Conner*, 515 U.S. 472, 484,(1995) and *Turnboe v. Gundy*, 25 Fed. Appx. 292 (6th Cir. 2001)).  In addition, failure to follow prison policies and procedures does not give rise to a due process violation.  *See, e.g.*, *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir.1994) (dismissing plaintiff's claim that he was retaliated against when he was barred access to the grievance process because "the Constitution creates no entitlement to grievance procedures or access to any such procedure").

8

While the plaintiff has included the phrase "equal protection" in his filings, he has not made any serious effort to establish or even allege such a claim. The Court agrees with the defendants that the plaintiff has failed to demonstrate that he has been treated differently from others similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination. *See Khaliq v. Angelone,* 72 Fed. Appx. 895, 898 (4th Cir. 2003). Because "[p]risoners are not a suspect class," and "[t]he status of incarceration is neither an immutable characteristic, nor an invidious basis of classification," the plaintiff must demonstrate that any unequal treatment is not rationally related to a legitimate governmental purpose. *See Moss v. Clark*, 886 F.2d 686, 690 (4th Cir.1989). The plaintiff has made no effort to create issues of fact as to any of the elements of his equal protection claim.

## CONCLUSION

Wherefore, it is RECOMMENDED that the defendants' Motion for Summary Judgment [Doc. 57] be GRANTED.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

January 23, 2009
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).